1

2

3

4

5

6

7

8

9                        IN THE UNITED STATES DISTRICT COURT

10                      FOR THE EASTERN DISTRICT OF CALIFORNIA

11    ALONZO MCKINNEY,

12               Plaintiff,                    No. CIV S-04-0913 FCD JFM P

13          vs.

14    DEPT. OF CORRECTIONS,
      LANCASTER STATE PRISON,
15    et al.,

16               Defendants.              ORDER

17    _____/

18          Plaintiff is a state prisoner proceeding pro se and in forma pauperis[1] with a civil

19    rights action pursuant to 42 U.S.C. § 1983.  By order filed March 9, 2005, plaintiff's second

20    amended complaint was dismissed.  Plaintiff has filed a third amended complaint pressing claims

21    concerning interference to his access to the courts.  However, plaintiff has now identified as main

22    defendants Sgt. Huerta, Officer Dottaviano and Captain H.T. Brown, all of whom are employed

23    at Lancaster State Prison, and Chief Deputy Warden Montiero of Los Angeles.  The alleged

24    _____

25          [1] On October 29, 2004, plaintiff was granted leave to proceed in forma pauperis and the
      Director of the Department of Corrections was ordered to withdraw the filing fee from plaintiff's
26    trust account statement.

                                              1

1  holding of plaintiff's legal mail occurred at Lancaster State Prison and plaintiff pursued his

2  administrative remedies at Lancaster as well.

3          The federal venue statute requires that a civil action, other than one based on

4  diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all

5  defendants reside in the same State, (2) a judicial district in which a substantial part of the events

6  or omissions giving rise to the claim occurred, or a substantial part of property that is the subject

7  of the action is situated, or (3) a judicial district in which any defendant may be found, if there is

8  no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

9          In this case, most of the defendants are located and a substantial part of the events

10 giving rise to plaintiff's claim arose in Lancaster, California, which is in the Central District of

11 California.  Therefore, plaintiff's claim should have been filed in the United States District Court

12 for the Central District of California.  In the interest of justice, a federal court may transfer a

13 complaint filed in the wrong district to the correct district.  See 28 U.S.C. § 1406(a); Starnes v.

14 McGuire, 512 F.2d 918, 932 (D.C. Cir. 1974).

15         Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the

16 United States District Court for the Central District of California.

17 DATED:  July 27, 2005.

18

19

20                                    UNITED STATES MAGISTRATE JUDGE

21 /001; mcki0913.21a

22

23

24

25

26

                                        2